IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Joel Wayne Tadlock, | ) | Civil Action No. 4:10-70278-TLW |
| | ) | Criminal No. 4:05-670-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Joel Wayne Tadlock. ("Petitioner" or "Defendant"). On June 28, 2005, a federal grand jury returned a three-count indictment charging Defendant with: 1) beginning on or about January 1, 2004, and continuing through the date of the indictment, conspiring to unlawfully manufacture, possess with intent to distribute and distribute 50 grams or more of methamphetamine, and 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A),  2) on or about March 26, 2005, possessing with intent to distribute 5 grams or more of methamphetamine and 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 3) on or about March 26, 2005, knowingly using and carrying firearms during and in relation to, and possession in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). (Doc. # 10). The defendant pled guilty to Counts 1 and 3 on August 29, 2005. (Doc. # 25). On January 20, 2006, the defendant was sentenced to two hundred sixty-four (264) months as to Count 1 and sixty (60) months as to Count three to run consecutively for a total aggregate sentence of three hundred

twenty-four (324) months. (Doc. # 30). On April 27, 2009 this Court entered an Order noting that Petitioner's prior motion to vacate pursuant to 28 U.S.C. § 2255 was granted as to Petitioner's claim that his attorney failed to file a timely notice of appeal on his behalf. (Doc. # 51). All other claims were dismissed without prejudice. Petitioner filed notice of his appeal on April 28, 2009. (Doc. # 53). On March 16, 2010, the Fourth Circuit Court of Appeals entered an opinion affirming his conviction. (Doc. # 64).

Petitioner filed the present action on October 12, 2010, alleging three grounds for relief. (Doc. # 66). The United States of America ("Government") filed a motion for summary judgment and Response on November 22, 2010. (Docs. # 76 and 75). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed November 23, 2010 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 77). Petitioner filed a response in opposition to the motion for summary judgment on December 28, 2010. (Doc. # 83). This matter is now ripe for decision.

## **28 U.S.C. § 2255**

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

2

such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)).  In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334  Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)).  In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has filed a response and motion for summary judgment as to all grounds raised by Petitioner. (Doc. # 75, 76). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249.  Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must

3

produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## **DISCUSSION**

Petitioner asserts three claims for ineffective assistance of counsel. Additionally, in his response, he asserts a claim of actual innocence. Each of these claims will be addressed in turn.

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). The Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.

**Ground 1:**

Petitioner states, "Ground One – Ineffective Assistance of Counsel as to the adding of the six (6) points enhancement – endangering a minor § 2D1.1(b)(5)(c), under 21 U.S.C. § 846." (Doc. # 66-1 at 1). Petitioner argues that since he was convicted of conspiracy, and the substantive count was dismissed, then the Court could not add the enhancement. Id. Additionally, Petitioner argues, "The minor was not in the conspiracy so the six points are without cause." Id. at 1-2. He further contends he "did not conspire with anyone to make the minor a part of the convicted conspiracy." Id. at 3. Finally, he argues the Court did not put him on notice "of the charge concerning the minors six (6) points enhancement." Id. at 4-5.

Petitioner's claim is without merit. The Presentence Investigation Report reflects that Petitioner received a six level enhancement pursuant to U.S.S.G. § 2D1.1(b)(6)(C). (Doc. # 29 at ¶ 53). U.S.S.G. § 2D1.1(b)(6)(C) (2005) reads, "If the offense (i) involved the manufacture of amphetamine or methamphetamine; and (ii) created a substantial risk of harm to the life of a minor or an incompetent, increase by 6 levels." The record reflects that Petitioner was permitted to cook methamphetamine at a female's residence in exchange for methamphetamine on approximately four occasions. (Doc. # 29 at ¶ 30). The record further notes, "On occasion, her 16 year-old daughter would be present in the home during the cooking process. Therefore, they discontinued cooking methamphetamine at her residence because of her daughter's presence." Id.

The defendant has presented no caselaw which stands for the proposition that a defendant cannot receive a sentencing enhancement for creating a substantial risk of harm to the life of a

minor where the defendant is charged with a drug conspiracy. Moreover, this Court has found no caselaw which stands for this proposition. Additionally, Petitioner's contention that the minor was not a part of the conspiracy is irrelevant. Finally, this Court notes that the Fourth Circuit on appeal concluded Petitioner's sentence was procedurally and substantively reasonable and that the district court properly calculated the Guidelines range. (Doc. # 64 at 3). Accordingly, relief on this basis is denied.

**Ground 2:**

Petitioner next argues his counsel was ineffective as to the gun charge. (Doc. # 66-1 at 6). He argues that the district court lacked subject matter jurisdiction "because the proceedings did not charge a cognizable federal offense." Id. Petitioner was charged pursuant to 18 U.S.C. § 924(c)(1). Petitioner has presented no evidence or caselaw which supports his assertion that he was not charged with a cognizable federal offense.  Accordingly, relief on this basis is denied.

**Ground 3:**

Petitioner argues that his plea agreement entitles him to a sentence reduction for cooperation. He contends he has cooperated and has received no sentence reduction. The Government responds that he previously filed a motion to compel a Rule 35(b) sentence reduction. The Government notes this Court denied the previous motion, and the denial was affirmed by the Fourth Circuit Court of Appeals. However, the Government also notes that it has subsequently filed a Rule 35(b) motion on Petitioner's behalf. Therefore, the Government argues the issue is moot. The record reflects that the Government filed a Motion to Reduce Sentence on November 10, 2010. (Doc. # 73). This Court held a hearing on this matter on February 1, 2011, and the Court granted the motion to reduce the defendant's sentence.  Accordingly, this Court finds that relief on this basis is moot.

**Ground 4:**

In Petitioner's response, he asserts a claim of actual innocence. While Petitioner asserts a claim of actual innocence and cites to caselaw which establishes the standard to apply when evaluating a claim of actual innocence, Petitioner fails to include any evidence to support his contention. Petitioner argues he is "actually innocent of conspiring with the minor to participate in the indictments charged offenses." (Doc. # 83 at 4). Petitioner was never charged with conspiring with a minor. Petitioner's sentence was enhanced for creating a substantial risk of harm to the life of a minor. Accordingly, Petitioner's relief on this basis is denied.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. # 66), is **DENIED**, the Government's motion for summary judgment is **GRANTED**, (Doc. # 76), and this action is **DISMISSED**, with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2253. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten_____<br>
TERRY L. WOOTEN<br>
United States District Judge

March 11, 2011
Florence, South Carolina